6783

## McDOWELL v. WESTERN UNION TEL. CO.

*Ruled by case of Amos v. Western Union Tel. Co., post, 259.*

Before Purdy, J., Spartanburg, May, 1907. Affirmed.

Action by W. A. McDowell against Western Union Telegraph Company. From judgment for defendant on verdict ordered by Court, plaintiff appeals.

*Mr. Stanyarne Wilson,* for appellant, cites: 70 S. C., 422; 77 S. C., 179.

*Mr. George H. Fearons* and *John Gary Evans,* contra.

Argument reported in Amos case.

March 2, 1908.   The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff as a result of the defendant's failure to deliver promptly the following message, delivered by the plaintiff to the defendant at Louisville, Ky., to be transmitted to Asa Smith, at Pacolet, S. C.: "Collect money at bank.   Sick at Gray Street Infirmary. Come."

Asa Smith is the brother-in-law of the plaintiff, which fact was known to the defendant.

There are no allegations in the complaint that there were tender and affectionate relations existing between the plaintiff and his brother-in-law, nor was there any testimony tending to show that the defendant had notice of such relations.

When the plaintiff was asked whether he had suffered mental anguish on account of the failure to make prompt delivery of the telegram, the defendant's attorney objected to the testimony.

In sustaining the objection, his Honor, the presiding judge, used this language: "If the telegraph agent at Pacolet knew that he was a brother-in-law of the defendant, there is nothing in the telegram to notify the telegraph agent that Mr. Smith was a close friend, or a personal friend, or could be of any particular aid or comfort to the sick, or a man of peculiar skill, nor is there anything in the telegram to notify the telegraph company that the sender of it, the plaintiff, was then contemplating undergoing an operation for appendicitis and especially needed the services of his brother-in-law. Nor is there anything to notify the telegraph company that he had a peculiar skill to render peculiar assistance, and it seems to me, there is a fatal lack of notice to the telegraph company, from which damages would necessarily be inferred.   I do not see how this testimony can be admissible under that state of facts."

The presiding judge directed a verdict for the defendant, and this ruling is assigned as error.

The ruling of the presiding judge is sustained by the case of *Amos* v. *Tel. Co.,* following.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.